**Sanders Law Group**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7612
File No.: 125288
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jun Ki Lee,<br><br>           Plaintiff,<br><br>v.<br><br>Discover Financial Services Inc., Experian Information Solutions, Inc. and Trans Union LLC,<br><br>           Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Jun Ki Lee ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Discover Financial Services Inc. (hereinafter referred to as "*Discover*" or *"Furnisher Defendant"*), Experian Information Solutions, Inc. (hereinafter referred to as "*Experian*") and Trans Union LLC (hereinafter referred to as "Trans Union") (Experian and Trans Union are hereinafter referred to as "*CRA Defendants*") (collectively Furnisher Defendant and CRA Defendants are referred to as "*Defendants*") as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681 *et seq* and the New York Fair Credit Reporting Act, NY CLS General Business Law Section § 380 *et seq ("NY FCRA")*.

2. This action is commenced against the CRA Defendants for reporting inaccurate or misleading information on Plaintiff's credit report in violation of §1681e(b) and for their failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a) after having received dispute letters from Plaintiff disputing the inaccurate reporting on Plaintiff's consumer

1

reports and for their violations of §1681c-2 for failing to block the information after receipt of the notice of identity theft dispute.

3. This action is commenced against the CRA Defendants for their failure to promptly remove inaccurate, obsolete or misleading information pursuant to pursuant to NY FCRA § 380-F for CRA Defendants' failure to comply with the proper procedures for resolving disputes after a consumer disputes an item.

4. This action is commenced against the Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b), for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

5. Plaintiff brings this action in order to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports which continues to affect Plaintiff's creditworthiness and credit score.

6. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of third party dissemination of credit and a credit denial.

7. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in its violative behaviors.

## JURISDICTION AND VENUE

8. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(3).

## PARTIES

10. Plaintiff Jun Ki Lee is an individual who is a citizen of the State of New York residing in Queens County, New York.

11. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c) and N.Y. FCRA § 380-a(b).

12. Defendant Discover is a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(b).

13. Defendant Discover is a financial service provider located in Illinois and has a principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015 and may be served with process upon its registered agent CT Corporation System located at 28 Liberty Street New York NY 10005.

14. Defendant Experian is a consumer reporting agency (hereinafter "*CRA*") as defined under 15 U.S.C. 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

15. Defendant Experian has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, is registered to do business in the State of New York, and may be served with process upon CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

16. Defendant Experian by contractual agreement, disbursed consumer background reports for remuneration to third parties.

17. Defendant Trans Union is a CRA as defined under 15 U.S.C. 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

18. Defendant Trans Union is an Illinois corporation which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661, is registered to do business in the State of New York, and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 80 State Street, Albany NY 12207.

19. Defendant Trans Union is subject to this Court's personal jurisdiction in this judicial district.

20. Defendant Trans Union by contractual agreement, disbursed consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

21. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

> (a)(1) The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

  (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

  (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

  (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

  22. The FCRA mandates that CRAs adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

  23. CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

  24. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

  25. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

  26. On or around November, 2021, Plaintiff discovered a fraudulent Discover student loan account reporting on her credit report with CRA Defendants and non-party Equifax Information Services, LLC (hereinafter "*Equifax*").

  27. The Discover account was opened in her name without her awareness or approval and is reporting an outstanding balance of $81,751.

  28. Upon information and belief, the account was opened by Plaintiff's niece Kuemin Hwang (hereinafter referred to as "*niece*").

4

29. Upon information and belief, Plaintiff's niece is a student, who was having difficulties procuring financial assistance for her college education and fraudulently opened the Discover account in Plaintiff's name for an additional term without her knowledge or consent.

30. Upon information and belief, Plaintiff's niece added Plaintiff as a co-signor on this student loan by using Plaintiff's name and information from an earlier student loan account that Plaintiff agreed to co-signed on her behalf on or around July 12, 2019.

31. Upon information and belief, Ms. Hwang authenticated this Discover student loan on May 5, 2020 through an online application.

32. Plaintiff did not sign for or authorize her signature to be included for this second loan.

33. Furthermore, due to financial difficulties caused by the pandemic, Plaintiff's nail salon was closed down and she was not in financial position to even consider co-signing an additional student loan for her niece.

34. At the time this fraudulent Discover account was opened, Plaintiff was quarantining with her husband due to a severe COVID-19 infection and did not communicate with her niece during that time or any time prior in order to provide consent to becoming a co-signor on this Discover loan.

35. Plaintiff filed an identity theft report with the Federal Trade Commission Identity Theft Report dated January 24, 2021(hereinafter referred to as the "*FTC Report*"), which specifically references the Discover account.

36. On or around January 26, 2022, Plaintiff enclosed the FTC Report and caused a dispute letter to be sent to CRA Defendants (Hereinafter referred to as "*FCRA Dispute Letter*") via certified mail.

37. The dispute letter also enclosed Plaintiff's New York Driver's license, utility bill and copy of Plaintiff's social security card.

38. Based upon United States Postal tracking, CRA Defendants received the FCRA dispute letter.

39. Upon information and belief, CRA Defendants forwarded a notice of dispute and all the relevant information regarding the dispute to Discover within five (5) business days, as required by the FCRA.

5

40. Upon information and belief, Discover received the notice of dispute and all relevant information from the CRA Defendants.

41. More than thirty days have passed since the Defendants received the dispute notices and their statutory time to investigate had expired pursuant to the FCRA.

42. In violation of the FCRA, Plaintiff's consumer credit reports with CRA Defendants continued to report the fraudulent tradeline.

43. Defendants failed to conduct an investigation and failed to delete or block the compromised account.

44. CRA Defendants and Discover continued to report this erroneous information to Plaintiff's credit report and have adversely affected Plaintiff's credit score and perceived creditworthiness.

45. Plaintiff has a strong credit history with each of her creditors and would like to use her credit to refinance her home to obtain better rates.

46. The reporting of the Discover account inflates Plaintiff's debts and directly impacts Plaintiff's debt to income ratio negatively.

47. Defendants' continued inaccurate credit reporting of the account subjected the Plaintiff to the third party dissemination of this inaccurate reporting and denial of credit.

48. Plaintiff is unable to adequately refinance her home, because Plaintiff is subject to less favorable credit terms because of Defendants' conduct.

## COUNT I
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681e(b).

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. The CRA Defendants systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

51. Upon receipt of Plaintiff's disputes, the CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation. At a minimum, they were required to mark the status of the tradeline/account as disputed on the consumer's background reports but failed to do so.

52. CRA Defendants failed to comply with 15 U.S.C. § 1681c-2 exhibiting a failure to follow reasonable procedures to ensure maximum possible accuracy despite receiving the requisite documentation from the Plaintiff.

53. Upon information and belief, the CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

54. In violation of §§ 1681e(b) and 1681(i), the CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

55. Plaintiff disputed the inaccurate information and the CRA Defendants willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

56. As a result of the CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

57. In violation of § 1681o and § 1681n, the CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

58. The CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

59. As a result of the CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

60. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681i *et seq.*

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62. The CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

63. The CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon the Furnisher Defendant and merely parroting information received from the furnisher.

64. The CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

65. The CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

66. The CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

67. CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any credit applications, or other relevant documents from Furnisher Defendant. As such there is no evidence of a reasonable investigation being conducted.

68. As a result of the CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above.

69. The CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

70. In the alternative, the CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

71. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. §1681s-2(b)

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73. At all times pertinent hereto, the Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

74. The Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

75. The Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

76. The FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher–to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

77. On each occasion referenced in the above statement of facts where a dispute was sent to a CRA Defendants, upon information and belief, the CRA Defendants provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

78. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendant received the notice of dispute and all relevant information regarding the disputes.

79. Upon information and belief, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

80. The Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

81. Upon information and belief, the Furnisher Defendant's conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

82. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

83. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to review all relevant information concerning Plaintiff's account as provided.

84. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

85. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation;

86. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation.

87. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

88. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

89. As a result of the Furnisher Defendant's conduct, Plaintiff suffered damages, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials, and reputation as a successful borrower.

90. Further, Plaintiff suffered actual damages which have been further described above in the statement of facts.

91. The Furnisher Defendant's conduct was willful in that it knew of the identity theft after receiving the dispute letters from the consumer reporting agencies and direct notice from the Plaintiff and continued to report the debt anyway. Alternatively, the Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when it failed to conduct a reasonable investigation despite receipt of information that the debt was a result of identity theft.

92. The Furnisher Defendant's conduct was willful in that they had direct knowledge that the information they were reporting was inaccurate and/or misleading, and despite receipt of valid FCRA dispute notices from the consumer reporting agencies and directly from the Plaintiff,

continued to report the tradeline inaccurately. Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when it received the FCRA disputes and failed to conduct a reasonable investigation and failed to correct the credit reporting.

93. The Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

94. In the alternative, the Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

95. For the foregoing reasons, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## COUNT IV
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681c-2

96. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

97. Pursuant to 15 U.S.C. § 1681c-2(a), a CRA must block the reporting of any information in a consumer's file that is alleged to be a result of identity theft, not later than four (4) business days after receive of notice of the identity theft.

98. This notice to the CRA must include an identity theft report; appropriate personal identification and a statement that the information is not related to any transaction by the consumer.

99. Here, in compliance with 15 U.S.C. § 1681c-2(a)(1) through 1681c-2(a)(4), Plaintiff sent a dispute detailed in the above statement of facts which included the appropriate proof, identification and report to a law enforcement agency stated that this account or these transactions were a result of identity theft.

100. The CRA Defendants violated 15 U.S.C. § 1681c-2(b)(1) by failing to promptly notify the Furnisher Defendant that the information was a result of identity theft.

101. The CRA Defendants violated 15 U.S.C. § 1681c-2(b)(2) by failing to promptly notify the Furnisher Defendant that an identity theft report has been filed.

102. The CRA Defendants violated 15 U.S.C. § 1681c-2(b)(3) by failing to promptly notify the Furnisher Defendant that a block had been requested.

103. The CRA Defendants violated 15 U.S.C. § 1681c-2(a) by failing to block information resulting from identity theft.

104. The CRA Defendants violated 15 U.S.C. § 1681c-2(c)(2) by failing to notify the consumer that they would decline to block the disputed fraudulent accounts or had rescinded the blocking of these accounts.

105. As a result of the CRA Defendants' violations of 15 U.S.C. §1681c-2, Plaintiff suffered actual damages which have been further described in the statement of facts.

106. The CRA Defendants' violations were willful in their knowing and/or reckless disregard, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

107. In the alternative, the CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

108. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681c-2 and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT V
## CRA Defendants' Violations of the NY FCRA § 380

109. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

110. NY FCRA § 380-f(a) specifically provides that upon receipt of a consumer's dispute, a CRA promptly re-investigate and record the current status of such information and promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to that section.

111. In addition, NY FCRA § 380-f(b) specifically provides that when a "consumer reporting agency finds that an item is in error or that it can no longer be verified, it shall:

(1) Promptly expunge the item and otherwise correct the file

(2) Refrain from reporting the item in subsequent consumer reports,

(3) Clearly and conspicuously disclose to the consumer his rights to make a request for notification and upon request of the consumer, promptly notify any person designated by the consumer who has received information regarding the item during the previous year that an error existed and shall furnish such person with corrected information…"

112. Here, a dispute letter was sent to CRA Defendants on or around January 26, 2022 triggering their duty to conduct a reasonable investigation.

113. CRA Defendant failed to conduct a reasonable investigation and failed to promptly correct the tradeline of the Discover Account.

114. CRA Defendants also failed to provide the Plaintiff notice of their rights pursuant to NY FCRA § 380-f(b)(3).

115. CRA Defendants' failure to adequately re-investigate these disputes despite being given the information constitutes a knowing or at a minimum a reckless disregard of their duties to Plaintiff.

116. As such, the CRA Defendants' violations were willful, rendering them liable for punitive damages in an amount to be determined by the court and attorney's fees pursuant to NY FCRA§ 380-L.

117. At a minimum, CRA Defendants' conduct was negligent in that they failed to use reasonable care and diligence in their obligations to the consumer rendering them liable for actual damages and attorney's fees pursuant to NY FCRA § 380-M.

118. As a direct result of the above violations of the NY FCRA by CRA Defendants, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and Plaintiff suffered actual damages in one or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and emotional distress and the time and expense of obtaining credit reports and disputing this item with the consumer reporting agencies.

119. As a result of the above violations of the NY FCRA, CRA Defendants are willfully and/or negligently liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to NY FCRA §§ 380-L and 380-M.

## JURY DEMAND

120. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

13

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

a   Adjudging that Defendants actions violated the FCRA and NY FCRA; and

b   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

d   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

e   Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

f   Granting Plaintiff actual damages, punitive damages, attorney's fees and costs pursuant to NY FCRA §§ 380-L and 380-M;

g   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h   Such other and further relief as the Court determines is just and proper.

DATED: April 26, 2022

                                              **Sanders Law Group**

                                              By:   */s/ Alain Cesar*
                                              Alain Cesar, Esq.
                                              100 Garden City Plaza
                                              Suite 500
                                              Garden City, NY 11530
                                              Office: (516) 203-7612
                                              Direct: (516) 203-7612
                                              Email: acesar@sanderslaw.group
                                              File No.: 125288
                                              *Attorneys for Plaintiff*